1  LAW OFFICE OF MARK E. MERIN
   Mark E. Merin, SBN. 043849
2  2001 P Street, Suite 100
   Sacramento, California  95814
3  Telephone:  (916) 443-6911
   Facsimile:  (916) 447-8336
4  Email: mark@markmerin.com

5  Attorneys for Plaintiffs

6                                    —o0o—

7                  UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9                                    —o0o—

10  MICHAEL TODD, on behalf of himself and     CASE NO:
    all those similarly situated;
11                                             **CLASS ACTION COMPLAINT**

12                   Plaintiffs,               **DEMAND FOR JURY TRIAL**

13  v.

14  COUNTY OF SOLANO; SOLANO
    COUNTY SHERIFF GARY R. STANTON,
15  IN HIS INDIVIDUAL AND OFFICIAL
    CAPACITIES; SOLANO COUNTY
16  SHERIFF'S DEPUTIES DOES 1 through
    100, and ROES 1 through 20, inclusive,
17
                     Defendants.
18

19

20  PLAINTIFF ALLEGES:

21                        **INTRODUCTION**

22          This is an action for declaratory and injunctive relief, damages, and punitive damages

23  against the COUNTY OF SOLANO, SOLANO COUNTY SHERIFF GARY R. STANTON,

24  Individually and in His Official Capacity, SOLANO COUNTY SHERIFF'S DEPUTIES sued

25  under their fictitious names as DOES 1 THROUGH 100, and ROES 1 through 20, for violations

26  of plaintiff's constitutional rights resulting from application of SOLANO COUNTY'S and the

27  SHERIFF'S policies, practices, and customs concerning the use of strip and visual body cavity

28  searches in SOLANO COUNTY Jails.  Plaintiff seeks an order declaring illegal defendants' policy

1  of subjecting detainees in their custody to strip and visual body cavity searches before they are

2  arraigned and without having any reasonable suspicion that the searches will be productive of

3  contraband.  Plaintiff further seeks an order declaring illegal defendants' policy of conducting the

4  complained of searches in areas which can be and are observed by persons not participating in the

5  searches.

6  Defendants' strip search and visual body cavity search policies, practices, and customs

7  violate those rights of plaintiff, and all those he represents, that are secured by the Fourth and

8  Fourteenth Amendments to the United States Constitution and entitles plaintiff, and all those

9  similarly situated, to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

10  **JURISDICTION**

11  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and

12  Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC

13  §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

14  **PARTIES**

15  1.      Plaintiff MICHAEL TODD, and all those similarly situated, are, and at all

16  material times herein, were citizens of the United States and residents of the state of California,

17  who were arrested within the period beginning two (2) years before the filing of this

18  Complaint, and continuing to this date, and who were subjected to strip and/or visual body

19  cavity searches at a SOLANO COUNTY Jail (hereinafter referred to as the "SOLANO

20  COUNTY Jail"), prior to being arraigned and without the defendants first having, and

21  recording in writing, a reasonable suspicion that the searches would be productive of

22  contraband or weapons.

23  2.      Defendant SOLANO COUNTY SHERIFF GARY R. STANTON is, and at all

24  material times referred to herein, was the duly elected Sheriff of SOLANO COUNTY, responsible

25  for administering the Jail facilities and for making, overseeing, and implementing the policies,

26  practices, and customs challenged herein relating to the operation of the SOLANO COUNTY Jails.

27  He is sued in his individual and official capacities.

28  \\\

MICHAEL TODD, et al v. SOLANO COUNTY, et al.                                                                USDC, Eastern District, Case No. _____
CLASS ACTION COMPLAINT

3.     Defendants SOLANO COUNTY SHERIFF'S DEPUTIES sued herein by their fictitious names (Does 1 through 100) are all deputies who, as part of their duties at the SOLANO COUNTY Jail, subjected plaintiff, and all those he represents, to pre-arraignment strip and/or visual body cavity searches without having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons and/or conducted the complained of searches so that they could be observed by persons not participating in the searches.

4.     At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the state of California, the COUNTY OF SOLANO, and/or the SOLANO COUNTY Sheriff's Department.

5.     Defendants whose names are not now known and who are sued by the fictitious names of ROES 1 through 20, are all agents and/or employees of one or another of the above named defendants who ordered, condoned, authorized, covered up, or were otherwise associated with the implementation of the illegal policy and practices relating to the strip searches complained of herein.

6.     Defendant SOLANO COUNTY is, and at all material times referred to herein, was a division of the state of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiff, and all those similarly situated, as herein alleged.  Plaintiff's allegations against the COUNTY are based on acts and omissions of the SHERIFF and his DEPUTIES and on acts and omissions of persons who are COUNTY employees, and on the COUNTY's breach of its duty to protect plaintiff, and all those he represents, from the wrongful conduct of said persons and employees.

7.     Defendant SOLANO COUNTY SHERIFF GARY R. STANTON, in his Individual and Official Capacity, also maintained or permitted an official policy or custom of causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiff, and all those similarly situated, as herein alleged.

\\\

8.      Class action plaintiffs are those similarly situated who, during the period beginning two (2) years before the filing of this Complaint, and continuing to this date, were subjected by defendants to pre-arraignment strip and/or visual body cavity searches without defendants having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons, and/or who were strip searched prior to arraignment in an area that was observable by persons not participating in the search.

**FACTS**

9.      On or about September 1, 2006, plaintiff MICHAEL TODD (hereinafter referred to as "plaintiff") was arrested on charges not involving violence, drugs or weapons and transported to the SOLANO COUNTY Justice Center Detention Facility (a SOLANO COUNTY Jail) where, prior to arraignment, he was taken to an area where he was forced to submit to a strip search in a group with at least ten (10) other persons who were not participating in the search.  He, together with the other persons strip searched, were required to remove all of their clothing and to lift their genitals for inspection and to bend over and expose their rectal areas for individual inspection.

10.     Plaintiff was again subjected to a strip search, in a group, prior to arraignment, prior to being transferred to the SOLANO COUNTY Jail on Claybank Road.

11.     Plaintiff is informed and believes, and thereupon alleges, that defendants routinely follow their policy, practice, and custom of subjecting pre-arraignment detainees, including plaintiff, and all those he represents, to strip and visual body cavity searches without first having, and recording in writing, a reasonable suspicion that the searches will be productive of contraband or weapons.  Plaintiff is further informed and believes, and thereupon alleges, that defendants routinely follow their policy, practice, and custom of conducting the complained of searches in the presence of persons not participating in the searches.

12.     Plaintiff is informed and believes, and thereupon alleges, that defendants have the ability to identify all such similarly situated plaintiffs, specifically those who, while in defendants' custody, at the SOLANO COUNTY Jails within two (2) years prior to the filing of this Complaint, were subjected to strip searches and/or visual body cavity searches prior to arraignment without defendants first having, and recording in writing, a reasonable suspicion that the searches would

1   be productive of contraband or weapons.

2       13.     Defendant SOLANO COUNTY SHERIFF GARY R. STANTON is personally

3   responsible for the promulgation and continuation of the strip search policy, practice, and custom

4   pursuant to which plaintiff, and all those he represents, were subjected to strip searches.

5       14.     As a result of being subjected to the strip searches complained of herein, plaintiff,

6   and each of the persons similarly situated, suffered physical, mental, and emotional distress,

7   invasion of privacy, and violation of due process of law, and is entitled to recover damages

8   according to proof but, at a minimum, $4,000 as specified in California Civil Code §§ 52 and §

9   52.1(b).

10                              **CLASS CLAIMS**

11      15.     The strip and visual body cavity searches to which plaintiff, and all those similarly

12  situated, were subjected were performed pursuant to policies, practices, and customs of defendants

13  COUNTY OF SOLANO, SOLANO COUNTY SHERIFF GARY R. STANTON, the individual

14  SHERIFF'S DEPUTIES sued herein by the fictitious names 1 through 100, and the individuals

15  whose names are not now known and who are sued by the fictitious names of ROES 1 through 20.

16  The searches complained of herein were performed without regard to the nature of the alleged

17  offenses for which plaintiff, and all those similarly situated, had been arrested, without regard to

18  whether or not plaintiff, or those he represents, was eligible for cite and release under Penal Code

19  § 853.6, without regard to whether or not plaintiff, and each of those similarly situated, was

20  eligible for and/or was released on his or her own recognizance.   Furthermore, the searches

21  complained of herein were performed without defendants having a reasonable belief that the

22  plaintiff, or any of those similarly situated, so searched possessed weapons or contraband, and

23  those facts being articulated and recorded in a supervisor-approved document.   Finally, the

24  searches complained of herein were performed without defendants taking reasonable precautions

25  to insure that plaintiff, and each of those similarly situated, was searched in an area affording

26  privacy and was not observed by others not participating in the search.

27      16.     Plaintiff brings this action on his own behalf and on behalf of all persons similarly

28  situated pursuant to Rule 23, Federal Rules of Civil Procedure.

17.     The class is defined to include all persons who, in the period from and including two (2) years prior to the filing of this Complaint, and continuing until this matter is adjudicated and the practices complained of herein cease, were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at SOLANO COUNTY Jails without defendants first having, and recording in writing, a reasonable suspicion that the search would be productive of contraband or weapons. In addition, the class also includes all those persons who were subjected to pre-arraignment strip and/or visual body cavity searches in the presence of persons who were not participating in said searches (Group Strip Searches).

18.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical.  Plaintiff does not know the exact number of class members.  Plaintiff is informed and believes, and thereupon alleges, that there are more than 20 persons per day who are arrested by defendants and/or in the custody of defendants and are subjected to the searches complained of herein as a result of defendants' policy, practice, and custom relating to said searches.

19.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is informed and believes, and thereupon alleges, that there are many questions of fact common to the class including, but not limited to: (1) whether defendants routinely subject all persons arrested to visual body cavity searches prior to arraignment whether or not they intend such persons to be housed in the SOLANO COUNTY Jails; (2) whether defendants routinely subject all persons arrested to visual body cavity searches prior to arraignment if they intend such persons to be housed in SOLANO COUNTY Jails; (3) whether persons are subjected to strip and/or visual body cavity searches prior to arraignment without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular arrestee has concealed drugs, weapons, and/or contraband in bodily cavities which could be detected by means of a strip and/or visual body cavity search; (4) whether the strip and/or visual body cavity searches are conducted in an area of privacy so that the searches cannot be observed by persons not participating in the searches; (5) whether the strip and/or visual body cavity searches are conducted in groups; and, (6) whether the strip and/or visual body cavity searches are reasonably related to defendants' penological interest to

1    maintain the security of the jail and whether or not there are less intrusive methods for protecting

2    any such interest.

3        20.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiff is

4    informed and believes, and thereupon alleges, that there are many questions of law common to the

5    class including, but not limited to: (1) whether defendants may perform strip and/or visual body

6    cavity searches on persons prior to their arraignment without reasonable suspicion, based on

7    specific or articulable facts, to believe any particular pre-arraignment detainee has concealed drugs,

8    weapons and/or contraband which would likely be discovered by a strip and/or visual body cavity

9    search; (2) whether defendants may perform strip and/or visual body cavity searches on persons

10   without first reasonably relating the use of the subject search to defendants' penological interest

11   to maintain the security of the jail and determining if there is a less intrusive method to protect that

12   interest; (3) whether strip and/or visual body cavity searches may be conducted in areas where the

13   search can be observed by people not participating in the search without violating plaintiffs'

14   Federal constitutional rights; (4) whether or not defendants' strip search policy and procedure is

15   in accordance with the Federal Constitution; and (5) whether or not defendants' policy and

16   procedure of conducting pre-arraignment strip searches in groups violates plaintiffs' Federal

17   Constitutional rights to privacy.

18       21.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the

19   representative plaintiff are typical of the class.  Plaintiff was searched, prior to arraignment,

20   without reasonable suspicion that a strip or visual body cavity search would produce drugs,

21   weapons or contraband (and without the facts supporting any such suspicion being articulated in

22   a supervisor-approved writing).  Representative plaintiff has the same interests and suffered the

23   same type of injuries as all of the other class members.  Plaintiff's claims arose because of

24   defendants' policy, practice, and custom of subjecting arrestees to strip and/or visual body cavity

25   searches before arraignment without having, and recording in writing, a reasonable suspicion that

26   the search would be productive of contraband or weapons.  Each class member suffered actual

27   damages as a result of being subjected to a strip and/or visual body cavity search.  The actual

28   damages suffered by the representative plaintiff is similar in type and amount to the actual damages

MICHAEL TODD, et al v. SOLANO COUNTY, et al.                                                    USDC, Eastern District, Case No. _____

CLASS ACTION COMPLAINT

1    suffered by each class member.

2        22.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative

3    plaintiff will fairly and adequately protect the class interests.  Plaintiff's interests are consistent

4    with and not antagonistic to the interests of the class.

5        23.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A),

6    prosecutions of separate actions by individual members of the class would create a risk that

7    inconsistent or varying adjudications with respect to individual members of the class would

8    establish incompatible standards of conduct for the parties opposing the complaint.

9        24.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B),

10   prosecutions of separate actions by individual members of the class would create a risk of

11   inconsistent adjudications with respect to individual members of the class which would, as a

12   practical matter, substantially impair or impede the interests of the other members of the class to

13   protect their interests.

14       25.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiff is

15   informed and believes, and thereupon alleges, that defendants have acted on grounds generally

16   applicable to the class, thereby making appropriate the final injunctive or declaratory relief with

17   respect to the class as a whole.

18       26.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action

19   is superior to other available methods for the fair and equitable adjudication of the controversy

20   between the parties.  Plaintiff is informed and believes, and thereupon alleges, that the interests

21   of members of the class in individually controlling the prosecution of a separate action is low, in

22   that most class members would be unable individually to prosecute any action at all.  Plaintiff also

23   is informed and believes, and thereupon alleges, that the amounts at stake for individuals are so

24   small that separate suits would be impracticable.  Plaintiff is informed and believes, and thereupon

25   alleges, that most members of the class will not be able to find counsel to represent them.  Plaintiff

26   is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in

27   one forum because all of the claims arise in the same location; i.e., the SOLANO COUNTY Jails.

28   It will promote judicial efficiency to resolve the common questions of law and fact in one forum,

Page 8 of 12

MICHAEL TODD, et al v. SOLANO COUNTY, et al.                                    USDC, Eastern District, Case No. _____

CLASS ACTION COMPLAINT

1   rather than in multiple courts.

2         27.    Plaintiff does not know the identities of all of the class members.  Plaintiff is

3 informed and believes, and thereupon alleges, that the identities of the class members may be

4 ascertained from records maintained by COUNTY OF SOLANO and by defendant SHERIFF

5 GARY R. STANTON and the defendants' Sheriff's Department.  Plaintiff is informed and

6 believes, and thereupon alleges, that defendants' records reflect the identities, including addresses

7 and telephone numbers, of the persons who have been held in custody in the SOLANO COUNTY

8 Jails.  Plaintiff is informed and believes, and thereupon alleges, that records of, and maintained by

9 defendants reflect who was subject to a strip and/or visual body cavity search, when the search

10 occurred, where the search occurred, whether any reasonable suspicion for the search existed and

11 was recorded in a supervisor-approved writing, whether the search was conducted in a group, when

12 persons searched were arraigned, and the charges on which such persons were arrested.  Plaintiff

13 is informed and believes, and thereupon alleges, that all of the foregoing information is contained

14 in defendants' computer system and that the information necessary to identify the class members,

15 by last known addresses, and the dates and reasons for their arrests and/or release from custody,

16 is readily available from said computer system.

17         28.    In accordance with Federal Rules of Civil Procedure, Rule 23(c)(2)(b), class

18 members must be furnished with the best notice practicable under the circumstances, including

19 individual notice to all members who can be identified through reasonable effort.  Plaintiff is

20 informed and believes, and thereupon alleges, that defendants' computer records contain a last

21 known address for class members.  Plaintiff contemplates that individual notice will be given to

22 class members at such last known address by first class mail.  Plaintiff contemplates that the notice

23 will inform class members of the following:

24         i.    The pendency of the class action and the issues common to the class;

25         ii.    The nature of the action;

26         iii.    Their right to "opt out" of the action within a given time, in which event

27             they will not be bound by a decision rendered in the class action;

28 \\\

iv.     Their right, if they do not "opt out," to be represented by their own counsel and to enter an appearance in the case; otherwise they will be represented by the named class plaintiff(s) and the named class plaintiff(s)' counsel; and

v.      Their right, if they do not "opt out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## COUNT ONE

(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution on behalf of Plaintiff and all persons similarly situated)

29.     Plaintiff re-alleges and hereby incorporates herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

30.     Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated the rights of plaintiff, and all those similarly situated, under the Fourth Amendment to be free from unreasonable searches and seizures; violated the rights of plaintiff, and all those similarly situated, to due process and privacy under the Fourteenth Amendment; and directly and proximately damaged plaintiff, and all those similarly situated, as herein alleged, entitling plaintiff, and all class members, to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiff prays for relief, for himself and for all persons similarly situated, as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and all those similarly situated, seeks judgment as follows:

1.      For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policies, practices, and customs of subjecting pre-arraignment detainees to strip and visual body cavity searches without having a reasonable suspicion that such searches would be productive of contraband or weapons and conducting said searches in a non-

1    private area observable by persons not participating in the search;

2        2.    Certification as a class action of plaintiff's complaints concerning defendants'

3    policy, practice, and customs of subjecting pre-arraignment detainees to strip and visual body

4    cavity searches without having a reasonable suspicion that such searches would be productive of

5    contraband or weapons;

6        3.    For compensatory, general, and special damages for each representative and for

7    each member of the class of plaintiffs, as against all defendants;

8        4.    Exemplary damages as against each of the individual defendants in an amount

9    sufficient to deter and to make an example of those defendants;

10        5.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

11        6.    The cost of this suit and such other relief as the court finds just and proper.

12    DATED: April 16, 2007              Respectfully submitted,

13                            LAW OFFICE OF MARK E. MERIN

14

15                                /s/ - "Mark E. Merin"

16                        BY:_____
                                Mark E. Merin
17                                Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

MICHAEL TODD, et al v. SOLANO COUNTY, et al.                        USDC, Eastern District, Case No. _____
CLASS ACTION COMPLAINT

1

**DEMAND FOR A JURY TRIAL**

2       A JURY TRIAL IS DEMANDED on behalf of plaintiff, and all those he seeks to represent.

3   DATED:  April 16, 2006                    Respectfully submitted,

4                                             LAW OFFICE OF MARK E. MERIN

5

6                                             /s/ - "Mark E. Merin"

7                                       BY:_____

8                                             Mark E. Merin
                                              Attorney for Plaintiffs

S:\WpWork\Strip Search Cases\Todd, Michael\Pleadings\Complaint.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL TODD, et al v. SOLANO COUNTY, et al.                                    USDC, Eastern District, Case No. _____
                                      CLASS ACTION COMPLAINT

F:\WPWORK\MCNULTY\PLEADING\COMPLAIN.DOC