**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Stephen W. Robertson, SBN 228708
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SOLANO and GARY R. STANTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TODD, on behalf of himself and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SOLANO; SOLANO COUNTY SHERIFF GARY R. STANTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; SOLANO COUNTY SHERIFF'S DEPUTIES DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____ / | Case No. CIV 07-0726 FCD EFB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DEPARTMENT OF JUSTICE RESPONSE TO SUBPOENA DUCES TECUM**<br><br>[Fed. R. Civ. Proc., Rule 45(c)(2)(B)]<br><br>Date: January 23, 2008<br>Time: 10:00 a.m.<br>Dept.: 25<br><br>Complaint Filed: April 16, 2007 |

Defendants COUNTY OF SOLANO and SHERIFF GARY R. STANTON hereby submit the following Memorandum of Points and Authorities in Support of its Motion to Compel the Department of Justice to respond to its properly served subpoena for Plaintiff MICHAEL TODD's criminal history records.

**I.**

**INTRODUCTION**

This is a class action strip search case filed under 42 U.S.C. section 1983 for alleged violations of the Fourth and Fourteenth Amendments to the United Status Constitution. Plaintiff alleges that he, along with others similarly situated, were unconstitutionally strip searched within the jail facilities contained within the COUNTY OF SOLANO pursuant to

1
MEMORANDUM OF POINTS AND AUTHORITIES
PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00548453.WPD

an illegal policy of strip searching pretrial detainees. Defendants bring this motion under Rule 45 of the Federal Rules of Civil Procedure in response to the California Department of Justice's objection to Defendants' properly served subpoena for the criminal history records of the Plaintiff.

The Department of Justice (hereinafter "DOJ") asserts that various sections in the California Evidence Code, Civil Code, and Penal Code along with the right of privacy as secured by the California and United States Constitutions restrict the dissemination of criminal history information maintained by the DOJ. Defendants seek the aid of this court in compelling the DOJ to produce the subpoenaed records on the basis that the records sought are highly relevant and admissible evidence and that California law does not protect the records from disclosure. Further, the right to privacy has been waived in light of the claim of plaintiff in this case. Accordingly, Defendants respectfully request an order requiring the DOJ to produce the criminal history records of Plaintiff.

**II.**

**BACKGROUND REGARDING SUBPOENA DUCES TECUM AND OBJECTION BY THE CALIFORNIA DEPARTMENT OF JUSTICE**

On October 17, 2007, Defendants properly served a civil subpoena duces tecum upon the custodian of records of the California Department of Justice for "RECORDS CONCERNING THE CRIMINAL HISTORY OF MICHAEL JAMES TODD." (Robertson Decl. ¶2, Exhibit "A") Notice of the subpoena was completed on all parties in the case including the plaintiff through his attorney of record. Id. The subpoena called for production of the criminal history records of the Plaintiff for November 7, 2007, at 9:00 a.m. at Compex Legal Services, Inc, 1824 Tribute Road, Suite "J", Sacramento, CA. 95815. Id.

On October 31, 2007, the DOJ served a timely written objection pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. (Robertson Decl. ¶3, Exhibit "B") The DOJ objected to the subpoena on the grounds that the criminal history records were "privileged and confidential, and statutorily prohibited from disclosure except under specifically defined circumstances, pursuant but not limited to California PC sections 11175,

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2
**MEMORANDUM OF POINTS AND AUTHORITIES**
00548453.WPD

11076, 11105 and 11141 et seq., California Civil Code section 1798, et seq., Evidence Code section 1040, and the right to privacy as secured by the California and United States Constitutions." Id.

### III.

### THE CRIMINAL HISTORY RECORDS OF THE PLAINTIFF ARE HIGHLY RELEVANT EVIDENCE TO THE DEFENSE OF THIS CASE

The Defendants need an accurate and objective summary of the criminal history records of the plaintiff because of the nature of the claims asserted. In his complaint, plaintiff alleges that he was subjected to an unconstitutional strip search in violation of the Fourth and Fourteenth Amendments to the United States Constitution. There are several factors that a peace officer must consider as to whether a strip search is warranted inside a jail context as in this case. Those factors, *inter alia*, include the nature of the offense and the prior arrest record. Giles v. Ackerman, 746 F.2d 614, 7617 (9th Cir. 1984); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1446-1448 (9th Cir. 1991) ; see also Way v. County of Ventura, 445 F.3d 1157 (9th Cir. 2006).

The nature of the offense along with the prior arrest record are crucial factors in this case because they deal directly with the determination of whether a strip search is to be performed. Defendants may introduce this type of evidence as information relied upon by the correctional officers involved in this lawsuit as to why they performed a strip search on the plaintiff, assuming arguendo that a strip search was completed. Without this evidence, defendants will be unable to establish its claims and defenses and therefore will be unduly prejudiced in its ability to properly provide a defense. (Robertson Decl. ¶4)

The criminal history is also relevant because such information may provide or lead to impeachment evidence. Federal Rule of Evidence 609 allows admissibility of Plaintiff's prior convictions for impeachment purposes. Rule 609 states in pertinent part,

> "For the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year...and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3
MEMORANDUM OF POINTS AND AUTHORITIES
00548453.WPD

1  R. Evid. 609.

2  Thus, Defendants should have the opportunity to obtain Plaintiff's criminal history
3  records to determine whether he has been convicted of any crimes admissible for
4  impeachment purposes under Federal Rule of Evidence 609.

**IV.**

**PLAINTIFF HAS WAIVED HIS RIGHT OF PRIVACY UNDER THE
CALIFORNIA AND UNITED STATES CONSTITUTIONS**

Plaintiff has impliedly waived his privacy rights regarding his criminal history records when he filed the instant lawsuit for an unconstitutional strip search. Such a claim inherently delves into the type of crime allegedly committed, the supporting facts and evidence surrounding the alleged crime, and the prior arrest record in the determination of whether a strip search is warranted. Certainly, the determination of the correctional officers of the proper type of search to conduct while processing a detainee is largely based upon the type of crime for which he was arrested and the evidence surrounding his crime and his arrest alog with his prior arrest history. Since correctional officers necessarily take this type of evidence into account to assess the proper search to conduct while processing a detainee in a jail facility, he was waived his privacy rights.

**V.**

**FEDERAL LAW CONTROLS THIS CASE INSTEAD
OF STATE LAW STATUTES**

The DOJ asserts that the criminal history records of plaintiff are precluded from disclosure to litigants in a civil lawsuit pursuant to several California code sections. It is anticipated that the DOJ will argue that only certain persons and/or entities are allowed to have such access to records unless the requesting party demonstrates a "compelling need." Cal. Penal Code § 11105. The DOJ may further argue that providing the information to anyone not authorized is not only prohibited, but would constitute a misdemeanor. See Cal. Penal Code §§ 11076, 11141 and 11142.

Contrary to the assertions of the DOJ, a "compelling need" is not the applicable standard here because this is a state statutory standard. Whether federal or state law controls

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00548453.WPD

4

**MEMORANDUM OF POINTS AND AUTHORITIES**

the statutory protection of material from discovery depends on the federal or state nature of the substantive claims. Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D.Cal. 1993). In the present case, there are solely federal claims for violations of the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. section 1983, a federal statute. Since federal law applies here and under the rule of Pagano, the objections by the DOJ based on state law statutes are inapplicable. Accordingly, defendants have established its burden of demonstrating good cause for the discovery of the criminal history records of the plaintiff maintained by the DOJ. See Section III above.

## VI.

## CONCLUSION

For the above reasons, defendants respectfully request this Court order the California Department of Justice to produce the criminal history records of Plaintiff pursuant to Defendants' properly served Subpoena Duces Tecum.

Dated: January 2, 2008      PORTER SCOTT
                            A PROFESSIONAL CORPORATION


                            By /s/ Stephen W. Robertson
                               Terence J. Cassidy
                               Stephen W. Robertson
                               Attorneys for Defendants COUNTY OF
                               SOLANO and GARY R. STANTON

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5
MEMORANDUM OF POINTS AND AUTHORITIES
00548453.WPD