EDMUND G. BROWN JR.
Attorney General of the State of California
JACOB A. APPELSMITH
Senior Assistant Attorney General
BARBARA J. SEIDMAN
Supervising Deputy Attorney General
ASHANTE L. NORTON, State Bar No. 203836
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-2197
 Fax: (916) 324-5567
 E-mail: Ashante.Norton@doj.ca.gov

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TODD, on behalf of himself and all those situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SOLANO; SOLANO COUNTY SHERIFF GARY R. STANTON, IN HIS INDIVIDUAL AND OFFICIAL CAPCITIES; SOLANO COUNTY SHERIFF'S DEPUTIES DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:07-0726 FCD EFB<br><br>**THE DEPARTMENT OF JUSTICE'S OPPOSITION TO THE MOTION TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM**<br><br>Date:   January 30, 2008<br>Time:   10:00 a.m.<br>Dept:   25 |

Real Party in Interest Department of Justice ("DOJ" or "Department") respectfully submits the following brief in opposition to defendant County of Solano's Motion to Compel Response to Subpoena Duces Tecum.

**INTRODUCTION**

On October 18, 2007, defendant County of Solano served the subject subpoena commanding the Department of Justice to produce "any and all records concerning the criminal history of Michael James Todd . . ." (Declaration of Ashante L. Norton ("Norton Decl."), ¶2.) The DOJ responded by letter objection asserting that it is statutory precluded from providing such information to defendant without order from the court. (*Id*.) Defendant in turn, filed the instant motion to compel compliance with its subpoena.

## ARGUMENT

### I.

### THE DOJ IS STATUTORY PRECLUDED FROM PROVIDING THE REQUESTED CRIMINAL HISTORY INFORMATION WITHOUT AN ORDER FROM THE COURT

Defendant seeks documents concerning the criminal history of plaintiff, commonly referred as a "rap sheet." The California Penal Code, which grants the DOJ the authority to maintain the rap sheet, sets forth strict guidelines regarding the collection of such information, as well as to whom it can be disseminated. Defendant is not a statutory authorized recipient of plaintiff's rap sheet, and therefore, the DOJ cannot produce such information unless ordered by the court.

As set forth above, there are strict guidelines which govern the collection, update and dissemination of a person's rap sheet. California law enforcement agencies are required to report to the Department all arrests and applicable identification and arrest data. Pen Code, §§ 13125, 13150. When an arresting agency makes an arrest and transmits a report of that arrest to the Department, that agency is also required to furnish to the Department a disposition report whenever the arrestee is transferred to the custody of another agency or is released without a complaint or accusation filed in court. Pen. Code, § 11115. Such disposition must be entered on all appropriate records of the arrestee or detainee, or against whom criminal proceedings are brought. Pen. Code, § 11116.6.

Additionally, superior courts disposing of arrestees' cases must report all pleading and dispositional information to the Department. Pen. Code, §§ 13151, 13151.1. That information, as reported to the Department, must be transmitted by the Department to the arresting agency originally furnishing the arrest and identifying information when the agency requests it. Pen. Code, § 13175. Finally, within thirty days of receiving a defendant committed to a state prison, the California Department of Corrections is required to report to the Department his identifying data and a statement of the nature of the offense for which he was committed. Pen Code, § 2082.)

/ / /

/ / /

In turn, the Department is required to " . . . maintain state summary criminal history information." Pen. Code, § 11105(a)(1). [1] The Attorney General is, upon request of any of the following, required to " . . . furnish state summary criminal history information to . . . (1) [t]he courts of the state[,] (2) [p]eace officers of the state . . [,] (3) [d]istrict attorneys of the state[,] (4) [p]rosecuting city attorneys of any city of the state . . [,] (9) [a]ny agency . . . of the state if the criminal history information is required to implement a statute or regulation that expressly refers to specific criminal conduct applicable to the subject person . . [,] (11) [t]he subject of the state summary criminal history information under procedures established under [Penal Code section 11120 et seq.] . . . ." and a host of specified others. Pen. Code, §§ 11105(b), 13176. Additionally, the Attorney General may furnish state criminal history information to the courts of the United States and other states, and peace officers of other states. Pen. Code, § 11105(c)(6), (7). However, "[a]ny employee of the Department of Justice who knowingly furnishes a record or information obtained from a record to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor." Pen. Code, § 11141.

The foregoing authority makes clear the conclusion that the defendant is not authorized to receive the requested information without an order from the court. The defendant has offered no argument to dispute the DOJ's contention that it is not one of the authorized recipients of plaintiff's criminal history record. Rather, defendant asserts that DOJ is not bound by the Penal Code's mandates because the state law provisions are inapplicable to the 42 U.S.C section 1983 claims. (Motion to Compel, p.4:20-5:8.) The courts, however, have recognized that "Congress quite clearly instructs [federal courts] to refer to state statutes when federal law provides no rule of decision for actions brought under Section 1983." *Board of Regents v. Tomanio* (1980) 446 U.S. 478, 584-585 (internal citations omitted). 42 U.S.C. section 1988 authorizes federal courts to "disregard an otherwise applicable state rule only if the state law is inconsistent with the

---

1. "'State summary criminal history information' [aka "rap sheet"] means the master record of information compiled by the Attorney General pertaining to the identification and criminal history of any person, such as name, date of birth, physical description, fingerprints, photographs, date of arrests, arresting agencies and booking numbers, charges, dispositions, and similar data about the person." Pen. Code, § 11105(a)(2)(A).

3

Constitution and laws of the United States." *Id.* Here, defendant has not provided any state or federal authority which abrogates the DOJ's obligations under California Penal Code sections 11105 and 11141.

## II.

### THE DOJ DOES NOT DISPUTE THAT THERE MAY BE SUFFICIENT CAUSE FOR THE COURT TO ORDER PRODUCTION OF THE REQUESTED INFORMATION

Defendant asserts in its moving papers that the criminal history record is relevant to its defense. (Motion to Compel, 3:5-4:4.) The DOJ has no evidence in support of or to dispute defendant's contentions. Should this court determine by order that the requested materials are relevant and should be produced, the DOJ will comply under the authority vested in it by Penal Code section 11105(c)(7).

## CONCLUSION

Based on the foregoing, the DOJ asserts that it is legally precluded from producing the requested information and requests that this court consider its state statutory obligations regarding the criminal history report.

Dated:  January 16, 2008

                                                Respectfully submitted,

                                                EDMUND G. BROWN JR.
Attorney General of the State of California
JACOB A. APPELSMITH
Senior Assistant Attorney General
BARBARA J. SEIDMAN
Supervising Deputy Attorney General


                                               /s/  Ashante L. Norton
ASHANTE L. NORTON
Deputy Attorney General
Attorneys for Party in Interest

**DECLARATION OF ASHANTE L. NORTON**

I, ASHANTE L. NORTON, declare as follows:

1. I am a Deputy Attorney General with the California Attorney General's Office, Sacramento, and counsel of record for Real Party in Interest Department of Justice. I have personal knowledge of the facts stated herein, and would and could competently testify thereto if called upon to do so.

2. The Department of Justice received the subpoena which is the subject of the motion to compel on October 18, 2007. The Department's custodian of record timely responded to the objection by letter dated October 31, 2007. The Department asserted that the requested information is privileged and statutorily protected from disclosure pursuant to several state statutes, including Penal Code sections 11175, 11076, 11106 and 11141. A copy of the subject subpoena and objection letter were provided to the court by defendant in its moving papers.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 16, 2008, at Sacramento, California.

                                                 /s/  Ashante L. Norton
                                               **ASHANTE L. NORTON**

10420427.wpd
SA2008100064

The Department of Justice's Opposition to the Motion to Compel Response to Subpoena Duces Tecum