IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TODD, on behalf of himself and all those similarly situated,<br><br>          Plaintiffs,<br>     vs.<br><br>COUNTY OF SOLANO, SOLANO COUNTY SHERIFF GARY R. STANTON, IN HIS INDIVIDUAL CAPACITIES, SOLANO COUNTY SHERIFF'S DEPUTIES DOES 1 through 20, inclusive,<br><br>          Defendants.<br>_____/ | No. CIV S-07-0726 FCD EFB<br><br><br><br><br><br>ORDER |

This case was before the undersigned on January 30, 2008, for hearing on defendants' motion to compel the California Department of Justice's compliance with a subpoena duces tecum pursuant to Fed. R. Civ. P. 45(c)(2)(B)(1). Specifically, defendants seek to compel information relating to plaintiff's criminal history from the California Department of Justice ("DOJ") on the basis that it is relevant to the claims and defenses in this suit.

This federal question case concerns claims brought pursuant to 42 U.S.C. §§ 1983 and 1988, for alleged constitutional violations by defendants in connection with strip searches at the Solano County Jails. On October 17, 2007, defendants served a subpoena duces tecum on the custodian of records at the California DOJ. The subpoena sought records "concerning the

1

criminal history of Michael James Todd," the plaintiff in this action. *See* Exh. A to Robertson Decl. Notice of the subpoena was completed on all parties, including the plaintiff through his attorney of record.

Defendants seek the subpoenaed records in order to obtain an accurate and objective summary of the criminal history records of the plaintiff given the nature of the claims asserted. More specifically, a primary issue in this case is whether the strip search of plaintiff was constitutional. In determining whether a strip search is warranted inside a jail context, officers must consider several factors, including the nature of the offense and detainee's prior arrest record. *See Giles v. Ackerman*, 746 F.2d 614, 617 (9th Cir. 1984), *overruled on other grounds*, *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999); *Way v. County of Ventura*, 445 F.3d 1157, 1162 (9th Cir. 2006).

Plaintiff has filed no objection to subpoena. The Department of Justice has objected to production on the basis of state law. *See* Cal. Pen. Code §§ 11175, 11076, 11105 and 11141, *et seq.*, Cal. Civ. Code § 1798, *et seq.*; Cal. Evid. Code § 1040.

For the reasons stated on the record at the hearing, the court finds the DOJ's objections unavailing. *See Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 687 (E.D. Cal. 1993); Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature. . . ."); *see also Doubleday v. Ruh*, 149 F.R.D. 601, 612 (E.D. Cal. 1993) (holding that "under principles of federalism, state legislatures are not free to legislate what a federal court may order produced in the way of documentation" and that Cal. Pen. Code § 11101, *et seq.* did not bar plaintiff from obtaining the requested information).

////
////
////
////
////

Accordingly, the court grants defendants' motion to compel pursuant to Fed. R. Civ. P. 45(c)(2)(B). The DOJ shall produce the documents responsive to defendants' October 17, 2007, subpoena duces tecum within ten days.

SO ORDERED.

DATED: February 1, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE