```
 1  Mark E. Merin
    LAW OFFICES OF MARK E. MERIN
 2  2001 "P" Street, Suite 100
    Sacramento, CA 95814
 3  TEL: 916. 443.6911
    FAX: 916.447.8336
 4
    P O R T E R  |  S C O T T
 5  A PROFESSIONAL CORPORATION
    Terence J. Cassidy, SBN 99180
 6  Stephen W. Robertson, SBN 228708
    350 University Ave., Suite 200
 7  Sacramento, California 95825
    TEL: 916.929.1481
 8  FAX: 916.927.3706

 9  Attorneys for Defendants COUNTY OF SOLANO and GARY R. STANTON
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TODD, on behalf of himself and all those similarly situated, | Case No. CIV 07-0726 FCD EFB |
| Plaintiffs, | **JOINT STATUS REPORT** |
| vs. | |
| COUNTY OF SOLANO; SOLANO COUNTY SHERIFF GARY R. STANTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; SOLANO COUNTY SHERIFF'S DEPUTIES DOES 1 through 20, inclusive, | Complaint Filed: April 16, 2007 |
| Defendants. | |

Plaintiff MICHAEL TODD on behalf of himself and all those similarly situated and Defendants COUNTY OF SOLANO and Sheriff GARY R. STANTON respectfully submit the following Joint Status Report.

/ / /

/ / /

/ / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1
JOINT STATUS REPORT

00531508.WPD

A. **Brief Summary of Claims**

Plaintiffs allege that they were subjected to illegal strip searches while incarcerated at the two jail facilities contained within the COUNTY OF SOLANO, including the Justice Center Detention Facility (Main Jail) and the Sentenced Detention Facility (Claybank). MICHAEL TODD brings this case as a class action suit on behalf of himself and all those similarly situated. The Complaint was filed under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution based on an alleged illegal policy of conducting strip and/or visual body cavity searches on inmates prior to being placed into housing without any reasonable suspicion recorded in writing that the searches would be productive of contraband or weapons. Also, the Complaint alleges that the COUNTY OF SOLANO has an illegal policy of strip and/or visual body cavity searches of inmates prior to their transfer from the Justice Center Detention Facility to the Sentenced Detention Facility. Finally, the Complaint alleges a policy of conducting these alleged illegal strip and/or visual body cavity searches in areas which can be and are observed by persons not participating in the searches and therefore violate the inmates right of privacy. Sheriff STANTON is sued in his official and individual capacity as the Sheriff of the COUNTY OF SOLANO.

Plaintiffs seeks declaratory and injunctive relief declaring the above-referenced strip search policies are illegal. TODD also seeks compensatory, general and special damages for each representative of the class of Plaintiff. The class constitute all citizens and residents of California who were arrested from February 26, 2005 - April 16, 2007 who were subjected to strip and/or visual body cavity searches at the two jail facilities, prior to being placed in housing or when being transferred to the sentenced detention facility without reasonable suspicion in writing that the searches would be productive of contraband or weapons. Finally, Plaintiffs seek exemplary damages and attorneys fees and costs under 42 USC § 1988.

Sheriff STANTON and the COUNTY OF SOLANO deny any and all liability, assert various affirmative defenses, and contend that the policies and practices of the COUNTY OF

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2
JOINT STATUS REPORT
00531508.WPD

1  SOLANO are constitutional. Further, Defendants deny that Plaintiff or any member of the
2  representative class is entitled to any damages.

**B.  Status of Service of Process**

4  Defendants, COUNTY OF SOLANO and SHERIFF GARY R. STANTON have been
5  served with the Complaint and answered the Complaint on May 29, 2007.

**C.  Possible Joinder of Additional Parties**

7  Plaintiffs anticipate joining additional parties at this time, either by stipulation or by
8  seeking leave of court..
9  Defendants do not anticipate seeking leave to join any additional parties at this time.

**D.  Contemplated Amendments to Pleadings**

11  Plaintiffs do anticipate amendments to the Complaint.
12  Defendants do not anticipate any amendments to the answer.

**E.  Statutory Basis for Jurisdiction and Venue**

14  This is an action for redress pursuant to 42 USC § 1983. This Court has jurisdiction
15  pursuant to 28 USC § 1331.
16  Venue in this Court is proper pursuant to 28 USC § 1391(a), because the claims of
17  Plaintiffs arose in the Eastern District of California.

**F.  Anticipated Discovery/Scheduling of Discovery**

19  1.  Normal disclosures under Rule 26(a) will suffice at the outset, supplemented
20  by more specific discovery requests and depositions of specific individuals, whose identities
21  are disclosed in the discovery provided. On October 9, 2007, Defendants served their Rule
22  26 initial disclosure.
23  2.  Discovery will be needed by Plaintiffs on Defendants' present and past strip
24  search policy, on feasible alternatives, the names, dates, identities and charge histories of
25  those searched, and on the reasonable suspicion, if any, on which such searches were based.
26  3.  Plaintiffs will need to depose those who conducted the strip searches. This
27  may require Plaintiffs to request a modification of the discovery limitations imposed by the
28  Civil Rules to allow Plaintiffs to take more than ten depositions.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3
JOINT STATUS REPORT
00531508.WPD

4. Plaintiffs will seek discovery on the training and supervision of those persons who conducted the complained of strip visual body cavity searches.

5. It may be necessary for the parties to seek appropriate court orders for the release of confidential records of third parties and/or inadvertent protective orders.

6. Defendants will seek discovery from MICHAEL TODD as to his experiences prior to incarceration, within the County of Solano, and his experiences with strip searches while incarcerated at any other facility. Further, Defendants will seek similar discovery from any other individual who claims to have been unlawfully strip searched.

7. In the event that class certification is granted, Defendants will request modifying the discovery limitations imposed by the civil rules, by allowing Defendants to take more than ten depositions and allowing Defendants to conduct discovery on unnamed class members.

8. Expert witnesses should be disclosed no less than 90 days after the Court rules on the anticipated Motion for Class Certification by Plaintiffs, and at least six months prior to trial. At this time, the parties propose deferring the establishment of date for disclosure of expert witnesses until after the Court rules on the anticipated Motion for Class Certification by Plaintiffs because the nature and the complexity of expert testimony may vary considerably depending on the outcome of that ruling.

9. The parties propose deferring the establishment of discovery cutoff dates until after the Court rules on the Motion for Class Certification by Plaintiffs because the nature and the complexity of discovery may very considerably depending on the outcome of that ruling.

**G. Contemplated Dispositive Motions and Proposed Date by Which all Non-Discovery Motions Shall be Heard**

Plaintiffs will be filing a Motion for Class Certification. Subject to being reset as discovery disputes must be resolved before essential information can be obtained, Plaintiffs propose to make their Motion for Class Certification by December 5, 2008. Defendants anticipate filing a Motion for Summary Judgment/Adjudication. The parties propose

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00531508.WPD

4
JOINT STATUS REPORT

deferring the establish of a date for dispositive motions to be heard until after the Court rules on the Motion for Class Certification because the nature and complexity of dispositive motions may vary considerably depending on the outcome of that ruling.

**H.    Proposed Date for Final Pre-Trial Conference**

The parties request deferring the establish of a date for a pre-trial conference until after the Court rules the Motion for Class Certification because the nature and the complexity of the issues could be resolved at trial and may vary considerably depending on the outcome of that ruling.

**I.    Proposed Date for Trial/Days of Trial/Demand for Jury Trial**

The length and complexity of the trial and/or whether it should be bifurcated will depend on the Court rulings on proposed motions. Plaintiffs and Defendants have demanded a jury trial.

**J.    Appropriateness of Special Procedures**

At this time it does not appear that reference to a special master would be necessary or appropriate, however, the parties may desire the appointment of a special master, if there is a damages phase.

**K.    Proposed Modification of Standard Pre-Trial Procedures**

The parties would like to reserve response to this section until after the Court has ruled on the Motion for Class Certification.

**L.    Relation to Another Case**

There are no related cases.

**M.    Prospects for Settlement**

A settlement conference or other alternative dispute resolution maybe desirable, but that question should be deferred until the Court has addressed the Motion for Class Certification and/or other dispositive motions are resolved accordingly.

**N.    Other Matters**

None.

/ / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00531508.WPD

5
JOINT STATUS REPORT

DATED: April 7, 2008          Law Offices of Mark E. Merin


By /s/ Mark E. Merin (as authorized on April 7, 2008)
    Mark E. Merin
    Attorney for Plaintiff MICHAEL TODD


DATED: April 7, 2008          PORTER SCOTT
                                            A PROFESSIONAL CORPORATION



By /s/ Terence J. Cassidy
    Terence J. Cassidy
    Stephen W. Robertson
    Attorneys for Defendants COUNTY OF SOLANO and GARY R. STANTON

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00531508.WPD