1  LAW OFFICE OF MARK E. MERIN
   Mark E. Merin, SBN. 043849
2  Joshua Kaizuka, SBN 212195
   2001 P Street, Suite 100
3  Sacramento, California  95814
   Telephone:  (916) 443-6911
4  Facsimile:  (916) 447-8336
   Email: mark@markmerin.com

5  Attorneys for Plaintiffs

6                                    ─o0o─

7                  UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9                                    ─o0o─

10  MICHAEL TODD, JAMESY K. DAVIS,            CASE NO:  2:07-cv-00726-FCD-EFB
    DEANGELA HARRIS, CARMEN HARRIS
11  ROBINSON, BRADLEY WOLFE, on behalf        **FIRST AMENDED CLASS ACTION
    of themselves and all those similarly situated;    COMPLAINT**
12
                      Plaintiffs,            **DEMAND FOR JURY TRIAL**
13  v.

14  COUNTY OF SOLANO; SOLANO
    COUNTY SHERIFF GARY R. STANTON,
15  IN HIS INDIVIDUAL AND OFFICIAL
    CAPACITIES; SOLANO COUNTY
16  SHERIFF'S DEPUTIES DOES 1 through
    100, and ROES 1 through 20, inclusive,
17
                      Defendants.
18

19      PLAINTIFFS ALLEGE:

20                              **INTRODUCTION**

21      This is an action for declaratory and injunctive relief, damages, and punitive damages

22  against the COUNTY OF SOLANO, SOLANO COUNTY SHERIFF GARY R. STANTON,

23  Individually and in His Official Capacity, SOLANO COUNTY SHERIFF'S DEPUTIES sued

24  under their fictitious names as DOES 1 THROUGH 100, and ROES 1 through 20, for violations of

25  plaintiffs' constitutional rights resulting from application of SOLANO COUNTY'S and the

26  SHERIFF'S policies, practices, and customs concerning the use of strip and visual body cavity

27  searches in SOLANO COUNTY Jails.  Plaintiffs seek an order declaring illegal defendants' policy

28  of subjecting detainees in their custody to strip and visual body cavity searches before they are

                                    1

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1  arraigned and without having any reasonable suspicion that the searches will be productive of

2  contraband.  Plaintiffs further seek an order declaring illegal defendants' policy of conducting the

3  complained of searches in areas which can be and are observed by persons not participating in the

4  searches.

5        Defendants' strip search and visual body cavity search policies, practices, and customs

6  violate those rights of plaintiffs, and all those they represent, that are secured by the Fourth and

7  Fourteenth Amendments to the United States Constitution and entitle plaintiffs, and all those

8  similarly situated, to recover damages under the Federal Civil Rights Act (42 U.S.C. § 1983).

9                                      **JURISDICTION**

10       This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and

11  Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC

12  §§ 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

13                                         **PARTIES**

14       1.      Plaintiffs MICHAEL TODD, JAMESY K. DAVIS, DEANGELA HARRIS,

15  CARMEN HARRIS ROBINSON, BRADLEY WOLFE, and all those similarly situated, are, and

16  at all material times herein, were citizens of the United States and residents of the state of

17  California, who were arrested within the period beginning two (2) years before the filing of this

18  Complaint, and continuing to this date, and who were subjected to strip and/or visual body cavity

19  searches at a SOLANO COUNTY Jail (hereinafter referred to as the "SOLANO COUNTY Jail"),

20  prior to being arraigned and without the defendants first having, and recording in writing, a

21  reasonable suspicion that the searches would be productive of contraband or weapons.

22       2.      Defendant SOLANO COUNTY SHERIFF GARY R. STANTON is, and at all

23  material times referred to herein, was the duly elected Sheriff of SOLANO COUNTY, responsible

24  for administering the Jail facilities and for making, overseeing, and implementing the policies,

25  practices, and customs challenged herein relating to the operation of the SOLANO COUNTY

26  Jails.  He is sued in his individual and official capacities.

27       3.      Defendants SOLANO COUNTY SHERIFF'S DEPUTIES sued herein by their

28  fictitious names (Does 1 through 100) are all deputies who, as part of their duties at the SOLANO

                                              2

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1  COUNTY Jail, subjected plaintiffs, and all those they represent, to pre-arraignment strip and/or

2  visual body cavity searches without having, and recording in writing, a reasonable suspicion that

3  the searches would be productive of contraband or weapons and/or conducted the complained of

4  searches so that they could be observed by persons not participating in the searches.

5        4.     At all material times mentioned herein, each of the defendants was acting under the

6  color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages

7  of the state of California, the COUNTY OF SOLANO, and/or the SOLANO COUNTY Sheriff's

8  Department.

9        5.     Defendants whose names are not now known and who are sued by the fictitious

10  names of ROES 1 through 20, are all agents and/or employees of one or another of the above

11  named defendants who ordered, condoned, authorized, covered up, or were otherwise associated

12  with the implementation of the illegal policy and practices relating to the strip searches complained

13  of herein.

14        6.     Defendant SOLANO COUNTY is, and at all material times referred to herein, was

15  a division of the state of California, that maintained or permitted an official policy or custom or

16  practice causing or permitting the occurrence of the types of wrongs complained of herein, which

17  wrongs damaged plaintiffs, and all those similarly situated, as herein alleged.  Plaintiffs'

18  allegations against the COUNTY are based on acts and omissions of the SHERIFF and his

19  DEPUTIES and on acts and omissions of persons who are COUNTY employees, and on the

20  COUNTY's breach of its duty to protect plaintiffs, and all those they represent, from the wrongful

21  conduct of said persons and employees.

22        7.     Defendant SOLANO COUNTY SHERIFF GARY R. STANTON, in his Individual

23  and Official Capacity, also maintained or permitted an official policy or custom of causing or

24  permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged

25  plaintiffs, and all those similarly situated, as herein alleged.

26        8.     Class action plaintiffs are those similarly situated who, during the period beginning

27  two (2) years before the filing of this Complaint, and continuing to this date, were subjected by

28  defendants to pre-arraignment strip and/or visual body cavity searches without defendants having,

3

1 and recording in writing, a reasonable suspicion that the searches would be productive of

2 contraband or weapons, and/or who were strip searched prior to arraignment in an area that was

3 observable by persons not participating in the search.

**FACTS**

5      9.      On or about September 1, 2006, plaintiff MICHAEL TODD (hereinafter referred to

6 as "TODD" or collectively as "plaintiffs") was arrested on charges not involving violence, drugs

7 or weapons and transported to the SOLANO COUNTY Justice Center Detention Facility (a

8 SOLANO COUNTY Jail) where, prior to arraignment, he was taken to an area where he was

9 forced to submit to a strip search in a group with at least ten (10) other persons who were not

10 participating in the search.  He, together with the other persons strip searched, were required to

11 remove all of their clothing and to lift their genitals for inspection and to bend over and expose

12 their rectal areas for individual inspection.

13     10.     Plaintiff TODD was again subjected to a strip search, in a group, prior to

14 arraignment, prior to being transferred to the SOLANO COUNTY Jail on Claybank Road.

15     11.     On or about November 1, 2005, plaintiff JAMESY K. DAVIS (hereinafter referred

16 to as "DAVIS" or collectively as "plaintiffs") was arrested on charges not involving violence,

17 drugs or weapons and transported to the SOLANO COUNTY Justice Center Detention Facility (a

18 SOLANO COUNTY Jail) where, prior to arraignment, he was taken to an area where he was

19 forced to submit to a strip search in a room with the door open where other persons who were not

20 participating in the search could see him being strip searched.  He was required to remove all of

21 his clothing and to lift his genitals for inspection and to bend over and expose his rectal area for

22 inspection.

23     12.     On or about November 18, 2005, plaintiff DEANGELA HARRIS (hereinafter

24 referred to as "HARRIS" or collectively as "plaintiffs") was arrested on charges not involving

25 violence, drugs or weapons and transported to the SOLANO COUNTY Justice Center Detention

26 Facility (a SOLANO COUNTY Jail) where, prior to arraignment, she was taken to an area where

27 she was forced to submit to a strip search in a group including at least two (2) other women, who

28 were not participating in the search and forced to submit to a strip search in a room where she was

4

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1 required to remove all of her clothing and to lift her breasts for inspection and to bend over and

2 expose her vaginal and rectal areas for inspection.

3        13.     On or about June 2005, plaintiff HARRIS was arrested and transported to the

4 SOLANO COUNTY Justice Center Detention Facility (a SOLANO COUNTY Jail) where, prior

5 to arraignment, she was taken to an area where she was forced to submit to a strip search in a

6 group with at least two (2) other women who were not participating in the search.  She was

7 required to remove all of her clothing and to lift her breasts for inspection and to bend over and

8 expose her vaginal and rectal areas for inspection.

9        14.     On or about August 23, 2005, plaintiff CARMEN HARRIS ROBINSON

10 (hereinafter referred to as "ROBINSON" or collectively as "plaintiffs") was arrested on charges

11 not involving violence, drugs or weapons and transported to the SOLANO COUNTY Justice

12 Center Detention Facility (a SOLANO COUNTY Jail) where, prior to arraignment, she was taken

13 to an area where she was forced to submit to a strip search in a room where she was required to

14 remove all of her clothing and to lift her breasts for inspection and to bend over and expose her

15 vaginal and rectal areas for inspection.

16        15.     On or about February 22, 2006, plaintiff ROBINSON was again arrested on charges

17 not involving violence, drugs or weapons and transported to the SOLANO COUNTY Justice

18 Center Detention Facility (a SOLANO COUNTY Jail) where, prior to arraignment, she was taken

19 to an area where she was forced to submit to a strip search in a room where she was required to

20 remove all of her clothing and to lift her breasts for inspection and to bend over and expose her

21 vaginal and rectal areas for inspection.

22        16.     On or about July 19, 2006, plaintiff BRADELY WOLFE (hereinafter referred to as

23 "WOLFE" or collectively as "plaintiffs") was arrested on charges not involving violence, drugs or

24 weapons and transported to the SOLANO COUNTY Justice Center Detention Facility (a

25 SOLANO COUNTY Jail) where, prior to arraignment, he was taken to an area where he was

26 forced to submit to a strip search in a group with at least two (2) other persons who were not

27 participating in the search.  He and the other persons strip searched were required to remove all of

28 their clothing and to lift their genitals for inspection and to bend over and expose their rectal areas

5

1  for inspection.

2      17.     Plaintiffs are informed and believe, and thereupon allege, that defendants routinely

3  follow their policy, practice, and custom of subjecting pre-arraignment detainees, including

4  plaintiffs, and all those they represent, to strip and visual body cavity searches without first having,

5  and recording in writing, a reasonable suspicion that the searches will be productive of contraband

6  or weapons.  Plaintiffs are further informed and believe, and thereupon allege, that defendants

7  routinely follow their policy, practice, and custom of conducting the complained of searches in the

8  presence of persons not participating in the searches.

9      18.     Plaintiffs are informed and believe, and thereupon allege, that defendants have the

10  ability to identify all such similarly situated plaintiffs, specifically those who, while in defendants'

11  custody, at the SOLANO COUNTY Jails within two (2) years prior to the filing of this Complaint,

12  were subjected to strip searches and/or visual body cavity searches prior to arraignment without

13  defendants first having, and recording in writing, a reasonable suspicion that the searches would be

14  productive of contraband or weapons.

15      19.     Defendant SOLANO COUNTY SHERIFF GARY R. STANTON is personally

16  responsible for the promulgation and continuation of the strip search policy, practice, and custom

17  pursuant to which plaintiffs, and all those they represent, were subjected to strip searches.

18      20.     As a result of being subjected to the strip searches complained of herein, plaintiffs,

19  and each of the persons similarly situated, suffered physical, mental, and emotional distress,

20  invasion of privacy, and violation of due process of law, and are entitled to recover damages

21  according to proof but, at a minimum, $4,000 as specified in California Civil Code §§ 52 and §

22  52.1(b).

23                          **CLASS CLAIMS**

24      21.     The strip and visual body cavity searches to which plaintiffs, and all those similarly

25  situated were subjected, were performed pursuant to policies, practices, and customs of defendants

26  COUNTY OF SOLANO, SOLANO COUNTY SHERIFF GARY R. STANTON, the individual

27  SHERIFF'S DEPUTIES sued herein by the fictitious names 1 through 100, and the individuals

28  whose names are not now known and who are sued by the fictitious names of ROES 1 through 20.

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1  The searches complained of herein were performed without regard to the nature of the alleged

2  offenses for which plaintiffs, and all those similarly situated, had been arrested, without regard to

3  whether or not plaintiffs, or those they represent, were eligible for cite and release under Penal

4  Code § 853.6, without regard to whether or not plaintiffs, and each of those similarly situated,

5  were eligible for and/or were released on their own recognizance.  Furthermore, the searches

6  complained of herein were performed without defendants having a reasonable belief that the

7  plaintiffs, or any of those similarly situated, so searched possessed weapons or contraband, and

8  those facts being articulated and recorded in a supervisor-approved document.  Finally, the

9  searches complained of herein were performed without defendants taking reasonable precautions

10  to insure that plaintiffs, and each of those similarly situated, were searched in an area affording

11  privacy and was not observed by others not participating in the search.

12      22.    Plaintiffs bring this action on their own behalf and on behalf of all persons similarly

13  situated pursuant to Rule 23, Federal Rules of Civil Procedure.

14      23.    The class is defined to include all persons who, in the period from and including

15  two (2) years prior to the filing of this Complaint, and continuing until this matter is adjudicated

16  and the practices complained of herein cease, were arrested and subjected to a pre-arraignment

17  strip and/or visual body cavity search at SOLANO COUNTY Jails without defendants first having,

18  and recording in writing, a reasonable suspicion that the search would be productive of contraband

19  or weapons. In addition, the class also includes all those persons who were subjected to pre-

20  arraignment strip and/or visual body cavity searches in the presence of persons who were not

21  participating in said searches (Group Strip Searches).

22      24.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of

23  the class are so numerous that joinder of all members is impractical.  Plaintiffs do not know the

24  exact number of class members.  Plaintiffs are informed and believe, and thereupon allege, that

25  there are more than 20 persons per day who are arrested by defendants and/or in the custody of

26  defendants and are subjected to the searches complained of herein as a result of defendants' policy,

27  practice, and custom relating to said searches.

28  \\\

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1    25.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are

2  informed and believe, and thereupon allege, that there are many questions of fact common to the

3  class including, but not limited to: (1) whether defendants routinely subject all persons arrested to

4  visual body cavity searches prior to arraignment whether or not they intend such persons to be

5  housed in the SOLANO COUNTY Jails; (2) whether defendants routinely subject all persons

6  arrested to visual body cavity searches prior to arraignment if they intend such persons to be

7  housed in SOLANO COUNTY Jails; (3) whether persons are subjected to strip and/or visual body

8  cavity searches prior to arraignment without there being any reasonable suspicion, based on

9  specific or articulable facts, to believe any particular arrestee has concealed drugs, weapons, and/or

10  contraband in bodily cavities which could be detected by means of a strip and/or visual body

11  cavity search; (4) whether the strip and/or visual body cavity searches are conducted in an area of

12  privacy so that the searches cannot be observed by persons not participating in the searches; (5)

13  whether the strip and/or visual body cavity searches are conducted in groups; and, (6) whether the

14  strip and/or visual body cavity searches are reasonably related to defendants' penological interest

15  to maintain the security of the jail and whether or not there are less intrusive methods for

16  protecting any such interest.

17    26.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are

18  informed and believe, and thereupon allege, that there are many questions of law common to the

19  class including, but not limited to: (1) whether defendants may perform strip and/or visual body

20  cavity searches on persons prior to their arraignment without reasonable suspicion, based on

21  specific or articulable facts, to believe any particular pre-arraignment detainee has concealed

22  drugs, weapons and/or contraband which would likely be discovered by a strip and/or visual body

23  cavity search; (2) whether defendants may perform strip and/or visual body cavity searches on

24  persons without first reasonably relating the use of the subject search to defendants' penological

25  interest to maintain the security of the jail and determining if there is a less intrusive method to

26  protect that interest; (3) whether strip and/or visual body cavity searches may be conducted in

27  areas where the search can be observed by people not participating in the search without violating

28  plaintiffs' Federal constitutional rights; (4) whether or not defendants' strip search policy and

8

1 procedure is in accordance with the Federal Constitution; and (5) whether or not defendants'

2 policy and procedure of conducting pre-arraignment strip searches in groups violates plaintiffs'

3 Federal Constitutional rights to privacy.

4      27.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the

5 representative plaintiffs are typical of the class.  Plaintiffs were strip searched, prior to

6 arraignment, without reasonable suspicion that a strip or visual body cavity search would produce

7 drugs, weapons or contraband (and without the facts supporting any such suspicion being

8 articulated in a supervisor-approved writing).  Representative plaintiffs have the same interests and

9 suffered the same type of injuries as all of the other class members.  Plaintiffs' claims arose

10 because of defendants' policy, practice, and custom of subjecting arrestees to strip and/or visual

11 body cavity searches before arraignment without having, and recording in writing, a reasonable

12 suspicion that the search would be productive of contraband or weapons.  Each class member

13 suffered actual damages as a result of being subjected to a strip and/or visual body cavity search.

14 The actual damages suffered by representative plaintiffs are similar in type and amount to the

15 actual damages suffered by each class member.

16      28.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative

17 plaintiffs will fairly and adequately protect the class interests.  Plaintiffs' interests are consistent

18 with and not antagonistic to the interests of the class.

19      29.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A),

20 prosecutions of separate actions by individual members of the class would create a risk that

21 inconsistent or varying adjudications with respect to individual members of the class would

22 establish incompatible standards of conduct for the parties opposing the complaint.

23      30.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B),

24 prosecutions of separate actions by individual members of the class would create a risk of

25 inconsistent adjudications with respect to individual members of the class which would, as a

26 practical matter, substantially impair or impede the interests of the other members of the class to

27 protect their interests.

28 \\\

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1      31.      In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiffs are

2   informed and believe, and thereupon allege, that defendants have acted on grounds generally

3   applicable to the class, thereby making appropriate the final injunctive or declaratory relief with

4   respect to the class as a whole.

5      32.      In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class

6   action is superior to other available methods for the fair and equitable adjudication of the

7   controversy between the parties.  Plaintiffs are informed and believes and thereupon allege, that

8   the interests of members of the class in individually controlling the prosecution of a separate action

9   is low, in that most class members would be unable individually to prosecute any action at all.

10   Plaintiffs also are informed and believe, and thereupon allege, that the amounts at stake for

11   individuals are so small that separate suits would be impracticable.  Plaintiffs are informed and

12   believe, and thereupon allege, that most members of the class will not be able to find counsel to

13   represent them.  Plaintiffs are informed and believe, and thereupon allege, that it is desirable to

14   concentrate all litigation in one forum because all of the claims arise in the same location; i.e., the

15   SOLANO COUNTY Jails.  It will promote judicial efficiency to resolve the common questions of

16   law and fact in one forum, rather than in multiple courts.

17      33.      Plaintiffs do not know the identities of all of the class members.  Plaintiffs are

18   informed and believe, and thereupon allege, that the identities of the class members may be

19   ascertained from records maintained by COUNTY OF SOLANO and by defendant SHERIFF

20   GARY R. STANTON and the defendants' Sheriff's Department.  Plaintiffs are informed and

21   believe, and thereupon allege, that defendants' records reflect the identities, including addresses

22   and telephone numbers, of the persons who have been held in custody in the SOLANO COUNTY

23   Jails.  Plaintiffs are informed and believe, and thereupon allege, that records of, and maintained by

24   defendants reflect who was subject to a strip and/or visual body cavity search, when the search

25   occurred, where the search occurred, whether any reasonable suspicion for the search existed and

26   was recorded in a supervisor-approved writing, whether the search was conducted in a group,

27   when persons searched were arraigned, and the charges on which such persons were arrested.

28   Plaintiffs are informed and believe, and thereupon allege, that all of the foregoing information is

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB

1 contained in defendants' computer system and that the information necessary to identify the class

2 members, by last known addresses, and the dates and reasons for their arrests and/or release from

3 custody, is readily available from said computer system.

4       34.     In accordance with Federal Rules of Civil Procedure, Rule 23(c)(2)(b), class

5 members must be furnished with the best notice practicable under the circumstances, including

6 individual notice to all members who can be identified through reasonable effort.  Plaintiffs are

7 informed and believe, and thereupon allege, that defendants' computer records contain a last

8 known address for class members.  Plaintiffs contemplate that individual notice will be given to

9 class members at such last known address by first class mail.  Plaintiffs contemplate that the notice

10 will inform class members of the following:

11         i.   The pendency of the class action and the issues common to the class;

12         ii.   The nature of the action;

13         iii.  Their right to "opt out" of the action within a given time, in which

14                  event they will not be bound by a decision rendered in the class action;

15         iv.  Their right, if they do not "opt out," to be represented by their own

16                  counsel and to enter an appearance in the case; otherwise they will be

17                  represented by the named class plaintiffs and the named class

18                  plaintiffs' counsel; and

19         v.   Their right, if they do not "opt out," to share in any recovery in favor

20                  of the class, and conversely to be bound by any judgment on the

21                  common issues adverse to the class.

### COUNT ONE

(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution
on behalf of Plaintiffs and all persons similarly situated)

24       35.     Plaintiffs re-alleges and hereby incorporates herein the preceding paragraphs of this

25 complaint, to the extent relevant, as if fully set forth.

26       36.     Defendants' policies, practices, and customs regarding the strip and visual body

27 cavity searches complained of herein violated the rights of plaintiffs, and all those similarly

28 situated, under the Fourth Amendment to be free from unreasonable searches and seizures;

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No.  2:07-cv-00726-FCD-EFB

1    violated the rights of plaintiffs, and all those similarly situated, to due process and privacy under

2    the Fourteenth Amendment; and directly and proximately damaged plaintiffs, and all those

3    similarly situated, as herein alleged, entitling plaintiffs, and all class members, to recover damages

4    for said constitutional violations pursuant to 42 U.S.C. § 1983.

5         WHEREFORE, plaintiffs pray for relief, for themselves and for all persons similarly

6    situated, as hereunder appears.

7                                    **PRAYER FOR RELIEF**

8         WHEREFORE, plaintiffs, on behalf of themselves and all those similarly situated, seek

9    judgment as follows:

10        1.    For declaratory and injunctive relief declaring illegal and enjoining, preliminarily

11   and permanently, defendants' policies, practices, and customs of subjecting pre-arraignment

12   detainees to strip and visual body cavity searches without having a reasonable suspicion that

13   such searches would be productive of contraband or weapons and conducting said searches in a

14   non-private area observable by persons not participating in the search;

15        2.    Certification as a class action of plaintiffs' complaints concerning defendants'

16   policy, practice, and customs of subjecting pre-arraignment detainees to strip and visual body

17   cavity searches without having a reasonable suspicion that such searches would be productive of

18   contraband or weapons;

19        3.    For compensatory, general, and special damages for each representative and for

20   each member of the class of plaintiffs, as against all defendants;

21        4.    Exemplary damages as against each of the individual defendants in an amount

22   sufficient to deter and to make an example of those defendants;

23        5.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

24        6.    The cost of this suit and such other relief as the court finds just and proper.

DATED: July 28, 2008                    Respectfully submitted,

                                        LAW OFFICE OF MARK E. MERIN


                                            /s/ - "Mark E. Merin"
                                        BY: _____
                                            Mark E. Merin
                                            Attorney for Plaintiffs

12

1

## **DEMAND FOR A JURY TRIAL**

2      A JURY TRIAL IS DEMANDED on behalf of plaintiffs, and all those they seek to

3  represent.

4  DATED:  July 28, 2008        Respectfully submitted,

5                              LAW OFFICE OF MARK E. MERIN

6                                   /s/ - "Mark E. Merin"
                              BY:_____
7                                   Mark E. Merin
                                    Attorney for Plaintiffs
8  S:\WpWork\Strip Search Cases\Todd, Michael\Pleadings\Complaint - First Amended.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

*Todd, et al.  v. Solano County, et al.;* USDC, No. Dist., Case No. 2:07-cv-00726-FCD-EFB